# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **SHANNON JENSEN**, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>**RENTON COLLECTIONS, INC.**,<br><br>              Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, SHANNON JENSEN, brings this class action against Defendant RENTON COLLECTIONS, INC., under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and under the Washington Fair Debt Collection

**COMPLAINT** – 1

Practices ACT RCW 19.16.100 *et al.* ("WFDCPA").

2. Plaintiff brings this class action on behalf of a class of Washington consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

3. Plaintiff seeks statutory and punitive damages, injunctive and declaratory relief, and attorneys' fees and costs.

4. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

5. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively

**COMPLAINT** – 2

disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Defendant regularly conducts business within the state of Washington and violated Plaintiff's rights under the FDCPA and WFDCPA in the state of Washington as alleged more fully below.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Defendant conducts business in this district, and all of the facts underlying this claim occurred in this district.

## PARTIES

8. Plaintiff is a resident of the State of Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant is a collection agency with its registered office located at 211 Morris Avenue South, Renton, Washington 98057.

## FACTUAL ALLEGATIONS

**COMPLAINT** – 3

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

11. Some time prior to June 25, 2019 an obligation was allegedly incurred to OLYMPIA ER SERVICES.

12. The OLYMPIA ER SERVICES obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, medical or household purposes.

13. The alleged OLYMPIA ER SERVICES obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. OLYMPIA ER SERVICES is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. OLYMPIA ER SERVICES or subsequent owner of the OLYMPIA ER SERVICES debt contracted the Defendant to collect the alleged debt.

16. On or about June 25, 2019 the Defendant cause to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged OLYMPIA ER SERVICES debt.  *See* **Exhibit A**.

17. The June 25, 2019 letter was sent or caused to be sent by persons employed

**COMPLAINT** – 4

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. The June 25, 2019 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. The Plaintiff received and read the Letter.

20. The Letter states in part:

> "Principal Balance:      $233.84
> *Collection Costs:         0.00
> *Creditor Interest:          0.00
> *RCI Interest:                0.00
> Total Balance:          $233.84"

21. The letter further stated: "Interest is calculated at 12% per annum if applicable.  Accumulated from list date."

22. Upon information and belief, no interest was added or intended to be added after the date of the Letter.

23. The Plaintiff, as would any least sophisticated consumer, read the above statements and was left unsure as to the actual total amount due.

24. Pursuant to 15 U.S.C. §1692g, a debt collector must within five days of the initial communication accurately and clearly state the amount of the alleged debt.

25. The Plaintiff, as would any least sophisticated consumer, read the above

**COMPLAINT** – 5

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

statements and was left confused as to whether interest was accruing on the alleged balance due or not.

26. The Plaintiff, as would any least sophisticated consumer read the above statements and believed that the Defendant could potentially impose additional charges, even though that would never actually incur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

27. In *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), the 7th Circuit sets forth a requirement of a debt collector to notify consumers that the amount of the debt is increasing due to interest, late fees, or other charges "in cases like this where the amount varies from day to day." *Id.* at 876.

28. The Second Circuit agreed with *Miller* and held that a collection notice that states an amount due but does not disclose that the balance may increase due to interest and fees, is false, deceptive, or misleading and a violation of 15 U.S.C. §1692e. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2nd

**COMPLAINT** – 6

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

Cir. 2016).

29. Debt collectors have an obligation, and consumers have an information right, to be accurately told the amount of the debt.

30. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt sooner, or risk owing a higher amount.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

32. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

33. The Class consists of: a) All consumers with addresses in the State of Washington b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to OLYMPIA ER SERVICES, d) that states "Interest is calculated at 12% per annum if applicable." (e) when

**COMPLAINT** – 7

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

no interest was added or intended to be added (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

34. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

35. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and § 1692g.

37. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with

**COMPLAINT** – 8

experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and § 1692g.

   (c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

**COMPLAINT** – 9

(d) **<u>Adequacy</u>:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority</u>:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available

**COMPLAINT** – 10

methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C.§ 1692e.

44. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. The Defendant violated said section in its letter to the Plaintiff by:
   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

**COMPLAINT** – 11

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

  b.  Falsely representing the amount of the alleged debt in violation of 1692e(2)(A);

  c.  Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**16 U.S.C. §1692g *et seq.***

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49. Pursuant to 15 U.S.C. §1692g, a debt collector must within five days of the initial communication state the amount of debt.

50. Defendant violated said section by failing to accurately state the amount of

**COMPLAINT** – 12

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

the debt.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE WASHINGTON FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the WFDCPA, including but not limited to RCW 19.16.100.

54. Defendant violated said section by failing to clearly state the amount of the alleged debt.

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the WFDCPA, and for actual damages, statutory damages, costs and attorneys' fees.

**COMPLAINT** – 13

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a) For statutory damages under the FDCPA and/or WFDCPA

b) For costs of this action, including reasonable attorneys' fees and expenses.

c) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

DATED this 5th day of December 2019.

> Respectfully submitted,
>
> By: /s/ Michael Brubaker
> Michael Brubaker, WSBA #49804
> Brubaker Law Group, PLLC
> 14506 NE 184th Place
> Woodinville, WA 98072
> (206) 335-8746
> michael@brubakerlawgroup.com
>
> ***ATTORNEYS FOR PLAINTIFF***

**COMPLAINT** – 14

**MARCUS & ZELMAN, LLC**
Ari M. Marcus, Esq. (applying for admission pro hac vice)
Yitzchak Zelman, Esq. (applying for admission pro hac vice)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Ari@MarcusZelman.com
(732) 695-3282
Fax: (732) 298-6256

**COMPLAINT** – 15

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com